IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY CHISLEY,                         *
        Plaintiff,

                                    *

v.                                         CIVIL ACTION NO. DKC-09-2099

                                    *

JAMES HOLWAGER, et al.,
        Defendants.                 *
                                ******

## **MEMORANDUM OPINION**

On August 6, 2009, the court received Plaintiff Anthony Chisley's civil rights complaint. Chisley, an inmate incarcerated at the North Branch Institution, alleged that he was denied adequate psychiatric care. *Id*. Defendants Laura Booth, Richard Graham, Jr., Sherry Haferkamp, Melissa Harr, and James Holwager have filed a Motion to Dismiss, or in the Alternative for Summary Judgment. Paper No. 14. Plaintiff has filed an opposition. Paper Nos. 17 and 19. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons stated below, the dispositive motion filed by Defendants, treated as a motion for summary judgment, will be granted.

### **Background**

Chisley alleges that on December 1, 2008, he was transferred from the Patuxent Institution to NBCI and that thereafter he was denied psychiatric treatment. Chisley states that he is a psychiatric patient prescribed psychotropic medication. He states that Defendants are aware of his psychiatric needs but have refused to address same. Chisley states that he is "suffering physically, psychologically and socially" due to this denial of care. He further states that he was deemed ineligible to participate in the Behavior Management Program ("BMP") and/or Special Needs Unit ("SNU") at NBCI, thus leaving no programming available for him. Paper No. 1.

Records before the court demonstrate that Plaintiff has a variety of mental health diagnoses, including bipolar disorder, borderline personality disorder, exhibitionism and impulse control disorder. Paper No. 14, Ex. B. He has demonstrated an inability to control his behaviors,

particularly sexually inappropriate behaviors including masturbating in the presence of female staff. Since Plaintiff's incarceration at NBCI the psychiatrist and other psychology staff have met regularly with Plaintiff and he has been prescribed medication. Plaintiff does well when he is compliant with his medication, but occasionally becomes non-compliant. *Id.*

On April 29, 2008, Plaintiff was placed in the BMP, a program at NBCI designed for behaviorally-impaired inmates whose disruptive and dangerous actions create an unsafe environment. *Id.*, Ex. A. The BMP is intended for those whose impairment does not come from a mental illness, and is designed to increase an inmate's ability to function in the general prison population. It is not designed for special needs inmates with a history of sexual disorders such as Plaintiff. *Id.*, Ex. A and B.

Inmates from all DOC institutions may be referred to NBCI to participate in the BMP. A recommendation for BMP placement must include a rationale for the recommendation as well as supporting documents. Once the inmate has been transferred to NBCI, the Admission Review & Discharge Committee ("ARD Committee") reviews the referral and determines whether the inmate meets the BMP criteria. *Id.*

Plaintiff was transferred to NBCI and referred to the BMP. Once placed in the BMP, Plaintiff refused to participate in the programming and he was removed from same. In August, 2008, the ARD Committee reviewed Plaintiff's case and determined that he was not eligible for the program because he had too much segregation time remaining and exhibited inappropriate sexual behaviors. *Id.*, Ex. D. .

In October of 2008 Plaintiff was transferred to Patuxent Institution, pursuant to a September 16, 2008 settlement agreement between Plaintiff and the State, for consideration as a participant in Patuxent's Eligible Persons Program. Plaintiff was determined to be ineligible for the Patuxent

2

program due to the amount of disciplinary segregation time he was due to serve. When advised that he would not remain at Patuxent, he threatened self-harm and was transferred to the Correctional Mental Health Center at Jessup ("CMHC-J"), where staff concluded that the threats of self-harm were always connected to Plaintiff's efforts to get something he wanted. Plaintiff was discharged and transferred back to NBCI.[1] *Id.,* Ex. C and A.

In December of 2008 Plaintiff was again considered for participation in a modified BMP, which was then under consideration for inmates who did not meet the eligibility criteria for the original BMP. Ultimately it was determined that the program could not be properly staffed by NBCI and the modified program did not move forward. *Id.*, Ex. A and D.

In April of 2009, the SNU review committee considered Plaintiff's eligibility for placement on the SNU. The SNU is a program designed for inmates with a severe mental health diagnosis who have enough self-control to be on a General Population tier. Prior to placement in the SNU, psychology staff at NBCI confirm the inmate's diagnosis and determine the inmate's level of impairment. All other departments at NBCI then review the recommendation for placement in SNU to ensure the inmate has sufficient self-control and to determine whether the inmate has any enemies at the institution. The results of the review are given the Warden for final approval. *Id.*, Ex. A. The SNU committee determined that the impairment in Plaintiff's functioning was a result of behavioral problems rather than a DSMIV diagnosis. They further concluded that Plaintiff did not have sufficient self-control for placement on a general population tier and, thus, he did not meet the criteria for the SNU. *Id.*

---

[1] Plaintiff's continued housing at Patuxent was dependent upon approval to participate in the Eligible Persons Program. *Id.*, Ex. C.

3

On July 29, 2009, the ARD Committee again reviewed Plaintiff's file to determine his eligibility for the BMP but found that due to his inappropriate behaviors on the tier he did not have enough self-control to begin the BMP. *Id.,* Ex. D.

**Standard of Review**

Fed. R. Civ. P. 56(c) provides that summary judgment:

> should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting

4

*Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

**A.  Respondeat Superior**

Plaintiff's allegations against Assistant Warden Richard Graham, Jr., are based solely upon the doctrine of supervisory liability known as *respondeat superior*. The law in the Fourth Circuit is well established that the doctrine of *respondeat superior* does not apply in civil rights claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983). Accordingly, Plaintiff's claims against the Assistant Warden are subject to dismissal.

**B.  Eighth Amendment**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003), *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). There is no essential distinction between the right to medical care for physical ailment and the right to psychiatric or psychological care for mental ailments. *See Bowring v. Godwin*, 551 F.2d 44, 47 (4th Cir. 1977). Plaintiff, as an incarcerated person, "is entitled to psychological or psychiatric treatment if a physician or other health care provider, exercising ordinary skill and care at the time of observation, concludes with reasonable medical certainty (1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be

substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial." *Id.*, at 47– 48. The *Bowring* Court further concluded that the right to such treatment is based upon the essential test of medical necessity and not upon a belief that care is merely desirable. *Id.* at 48. "Disagreements between an inmate and a physician over the inmate's proper care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985).

The records before the court demonstrate that Plaintiff has been seen regularly by mental health staff.[2] Paper No. 14, Ex. B. He has been diagnosed with a variety of mental health problems including bi-polar disorder, paranoia, depression, and borderline personality disorder.[3] He has over the course of his incarceration threatened self-harm numerous times. Psychiatry notes indicate that some of his behaviors appear to be attention seeking, malingering, and designed for secondary gains. *Id*. Plaintiff has been provided medication to treat his mental health problems, and at times does not take them. He has also been provided regular therapy session with mental health staff. *Id*. Plaintiff has been evaluated for special mental health programming at NBCI in terms of both the BMP and SNU, and also considered for programs available at Patuxent Institution. He has been found ineligible, primarily due to his masturbating in front of female staff. Stated simply, Plaintiff

---

[2] NBCI employs five mental health professionals, four of whom are available to see inmates. NBCI houses approximately 1600 inmates, many of whom have diagnosed mental health problems. Inmates housed on segregation are scheduled for psychiatry visits on a regular basis, based on the clinical judgment of the psychiatrist. A psychologist is also assigned to the segregation unit. Inmates may self refer to be seen by psychology staff. Paper No. 14, Ex. A. Records demonstrate that Plaintiff was seen by psychiatry staff, or had his file, medication or treatment plan reviewed by medical staff , on over twenty occasions from May 7, 2008, through August 19, 2009. *Id*., Ex. B.

[3] Plaintiff's independent psychiatric evaluation diagnosed Plaintiff as suffering from Bipolar Disorder-Not Otherwise Specified, Antisocial Personality Disorder, Paranoid Personality Disorder and Borderline Personality Disorder. Paper No. 17, Attachment Report of Joanna D. Brandt, M.D., January 21, 2007. Dr. Brandt recommended at that time that Plaintiff's medication be more closely monitored, given his non-compliance, that he receive more frequent individual therapy, and that he be referred to Patuxent for programming. *Id*. From May, 2008 through August, 2008, Plaintiff's medication was reviewed quarterly, he was sent to Patuxent for evaluation, and efforts were made to increase the frequency of his therapy. Paper No. 14, Ex. A and B.

disagrees with the judgment of his psychiatric health care providers. Such disagreement with a course of treatment does not provide the framework for a federal civil rights complaint but rather, at most, states a claim of negligence. *See Russell v. Sheffer*, 528 F. 2d 318 (4th Cir. 1975).

**B. Programming**

Because it is well established that prisoners do not have a constitutional right to access programs or to demand to be housed in one prison verses another absent a showing of significant hardship, the portion of Plaintiff's complaint regarding these allegations must be dismissed. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); s*ee also Sandin v. Conner*, 515 U.S. 472 (1995) (requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest). Plaintiff does not have a right to participate in the BMP, SNU, or Patuxent program. Furthermore, there is no evidence that any retaliation has occurred, or is likely to occur, to Plaintiff from the filing of the suit. Accordingly, injunctive relief is denied.

**Conclusion**

Defendants' Motion for Summary Judgment is granted. Judgment shall be entered in favor of Defendants and against Plaintiff. A separate order follows.


Date: July 9, 2010            _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge